**IN THE UNITES STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **TIMOTHY & TRACY JORDAN** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.: __19-92_____** |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **OMBILA IGAT ISSAMENE,** | § | |
| **Defendant.** | § | |

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds (hereinafter referred to as "State Farm"), files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

**I.  Procedural Background:**

1.      On September 12, 2019, Timothy and Tracy Jordan (hereinafter referred to as ("Plaintiffs") filed their Original Petition in the matter entitled Cause No. 19-09-84977-A; *Timothy and Tracy Jordan v. State Farm Lloyds and Ombila Igat Issamene;* In the 24th Judicial District, Victoria County, Texas.  State Farm timely filed its answer on October 14, 2019.  Defendant Issamene has not been served as of the date of this filing.

**II.  Nature of the Suit:**

2.      This lawsuit involves a dispute over State Farm's handling of Plaintiffs' insurance claim for damages allegedly caused by Hurricane Harvey to Plaintiffs' residential property at 609 Chimney Rock Dr., Victoria, Texas.  Plaintiffs assert causes of action against State Farm for breach of the insurance contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, fraud and conspiracy to commit fraud.  Plaintiffs' assert causes of

action against Issamene for violations of the Texas Insurance Code, fraud, and conspiracy to commit fraud.  Plaintiffs currently seek actual damages, compensatory damages, treble damages, statutory interest, attorneys' fees, pre- and post-judgment interest, and other litigation expenses and costs of court.

### III. Basis for Removal:

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the *properly-joined* parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.  The Amount in Controversy Exceeds $75,000.

4.      In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1]  Here, Plaintiffs claim that their property, which Plaintiffs insured through State Farm, sustained storm damage.[2]  Plaintiffs seek damages for State Farm's alleged failure to pay them what was owed under the terms of their insurance contract.[3]  The Policy in effect on the reported August 26, 2017 date of loss was Texas Homeowner's Policy with coverage limits of $285,600.00 for the dwelling, up to $28,560.00 for any dwelling extension, and $214,200.00 for personal property.

---

[1]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[2] *See* Exhibit A, Original Petition at ¶5-10.

[3] *See* Exhibit A, Original Petition at ¶18-20.

2

In addition, Plaintiffs seeks statutory penalties and treble damages under the Texas Insurance Code.[4]  Plaintiffs also seek attorney fees for bringing this suit.[5]

5.      Plaintiffs pleads in their Original Petition that they are seeking monetary relief of "$100,000.00 or less."[6]  This exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.  Thus, given the Policy limits pertinent to Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### B.  Complete Diversity Exists Among Properly-Joined Defendants

#### a.  State Farm and Plaintiffs are diverse.

6.      Upon information and belief, Plaintiffs were citizens of Texas when their Petition was filed and continue to be citizens of Texas.

7.      State Farm was and still is an unincorporated Lloyds plan insurance association that sells insurance under a Lloyds Plan pursuant to Texas Insurance Code Chapter 941, whose underwriters are all citizens of the State of Illinois.  None of the underwriters are citizens of the State of Texas.  The citizenship of an unincorporated association is determined solely by the citizenship of its members.[7]

8.      Accordingly, based on its members' citizenships, State Farm Lloyds is a citizen of Illinois and complete diversity exists between Plaintiff and State Farm Lloyds.[8]

---

[4] *See* Exhibit A, Original Petition at ¶18-45, 53.
[5] *See* Exhibit A, Original Petition at ¶46.
[6] *See* Exhibit A, Original Petition at ¶5.
[7] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) *cert. denied*, 114 S. Ct. 1541 (1994) (citizenship of unincorporated *association* determined by citizenship of its members); *see also, Ponton v. Allstate Texas Lloyds's* No. H-10-4842, 2011 WL 2837592 (S.D. Tex. July 18, 2011).
[8] *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")

**C.  While Non-Diverse, Issamene is Improperly Joined**

9.      In their Original Petition, Plaintiffs allege that Issamene is an adjuster who "has done business in the State of Texas" and request service at his "principle place of business."[9] Even assuming Plaintiffs have properly alleged facts bringing Issamene under the jurisdiction of any Court, he is improperly joined and thus his citizenship should be disregarded for purposes of analyzing diversity jurisdiction.

10.     A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined."[10]  To establish improper joinder, a removing party may show either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[11]  The latter of the two grounds for improper joinder exists here.

11.     In assessing the assertion of improper jointer, District Courts may consider whether a party was improperly joined by conducting an analysis of whether there is an arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged.[12]  A mere theoretical possibility of recovery under local law will not preclude a finding of fraudulent joinder.[13]  The Court may "pierce the pleadings" if the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder.[14]  In such

---

[9] *See* Exhibit A, at ¶ 4.
[10] *Smallwood v. Illinois Cent. R. Co.* 385 F.3d 568, 573 (5th Cir. 2004).
[11] *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).
[12] *See, Tedder v. F.M.C. Corporation,* 590 F.2d 115, 117 (5th Cir. 1979), *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).  *See also, Fields v. Pool Offshore, Inc.* 182 F.3d 353, 357 (5th Cir. 1999) (claim as to defendant is fraudulent, so as not to prevent removal, where court "determines, after resolving "all disputed questions of fact and any ambiguities in the current controlling substantive law in plaintiff's favor" that there is "no reasonable basis for predicting that the plaintiff might establish liability" "against the defendant.").
[13] *Badon v. RJR Nabisco,* 236 F.3d 282, 286, n. 4 (5th Cir. 2000).
[14] *Smallwood,* 385 F.3d at 573-74.

instances, the court may conduct a summary inquiry, "to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant."[15]

12.     All of Plaintiffs' allegations against Issamene stem from and flow from the incorrect premise that he inspected Plaintiffs' property and prepared an estimate for repair of covered damages.   However, Issamene did not inspect *any* property alleged to have been damaged by Hurricane Harvey, let alone Plaintiffs' property.[16]   In addition, he did not prepare *any* estimate to repair covered damage related to any Hurricane Harvey claim, let alone the estimate provided to Plaintiffs.   These facts preclude Plaintiffs' recovery against Issamene and demonstrate that he was improperly joined in this lawsuit for the sole purpose of defeating diversity jurisdiction.

### D.  The Removal is Procedurally Correct:

13.     Plaintiff served State Farm with the Original Petition on September 18, 2019. State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

14.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

15.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

16.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff.

---

[15] *Id*.
[16] *See* Exhibit C, Declaration of Ombila Issamene.

17.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Victoria County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 24th District Court, Victoria County, Texas to the United States District Court for the Southern District of Texas, Victoria Division, and that this Court enter such further orders as may be appropriate.

Respectfully submitted,

_____

David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
cholloway@lstlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **18**th day of **October 2019**, addressed to those who do not receive notice from the Clerk of the Court.

Sean H. McCarthy
P. Griffin Bunnell
WILLIAMS HART BOUNDAS EASTERBY LLP
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017
Tel: 713-230-2200
Fax: 713-643-6226
smccarthy@whlaw.com
gbunnell@whlaw.com

Andrew C. Cook
THE COOK LAW FIRM, PLLC
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
Tel: 713-401-2890
Fax: 713-643-6226
acc@texinsurancelaw.com

_____
Carrie D. Holloway

**IN THE UNITES STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **TIMOTHY & TRACY JORDAN** | § | |
| **Plaintiff** | § | |
| **v.** | § | **Civil Action No.: _____** |
| | § | |
| **STATE FARM LLOYDS AND OMBILA** | § | |
| **IGAT ISSAMENE** | § | |

**INDEX OF MATTERS BEING FILED**

1.      Defendant's Notice of Removal

2.      Exhibit A:      Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

3.      Exhibit B:      A list of counsel of record.

# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 20413480**
**Date Processed: 09/19/2019**

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| Entity: | State Farm Lloyds<br>Entity ID Number  3461674 |
| Entity Served: | State Farm Lloyds |
| Title of Action: | Timothy Jordan vs. State Farm Lloyds |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Victoria County District Court, TX |
| Case/Reference No: | 19-09-84977-A |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 09/18/2019 |
| Answer or Appearance Due: | 10:00 a.m. on the Monday next following the expiration of 20 days after served citation |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Sean H. McCarthy<br>713-230-2200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# SERVICE

 

42852627

*MAIL TO*

**Peter Dowdle**
7605 Bender Dr
Austin, TX 78749

*SERVICE TO*

**STATE FARM LLOYDS c/o
CORPORATION SERVICE COMPANY,
REGISTERED AGENT**
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

 **COLLECTIONS - DOCUMENTS**

CITATION; PLAINTIFF'S ORIGINAL PETITION

STORAGE 0042852-631

CUSTOMER **Williams Hart Boundas Easterby,  LLP**
REF **243894 Jordan**
COURT **TX District Court for Victoria County**
CASE# **19-09-84977-A**
TITLE TIMOTHY & TRACY JORDAN vs. STATE FARM LLOYDS, OMBILA
IGAT ISSAMENE

Need help?
206-521-2967
abclegal.com

09/18/2019

*F. W. #9210*
*09/18/2019*

| | | |
|---|---|---|
| CLERK OF THE COURT<br>Cathy Stuart<br>115 N. Bridge, Room 330<br>Victoria, Texas 77901 | ORIGINAL<br>PLEASE RETURN | ATTORNEY REQUESTING ISSUANCE<br>Sean Hudson McCarthy<br>8441 Gulf Freeway, Ste. 600<br>Houston, Texas 77017 |

## THE STATE OF TEXAS
## CITATION

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO: STATE FARM LLOYDS, MAY BE SERVED BY SERVING ITS REGISTERED AGENT,
CORPORATION SERVICE COMPANY, 211 E. 7TH ST., STE. 620, AUSTIN, TX 78701-3218,**

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 24th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 12th day of September, 2019 in this case numbered **19-09-84977-A** on the docket of said court, and styled,

TRACY JORDAN AND TIMOTHY JORDAN
VS.
STATE FARM LLOYDS, ET AL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 13th day of September, 2019.

CATHY STUART
District Clerk
Victoria County, Texas

Signed: 9/13/2019 8:10:16 AM

By: _____
                    Deputy

Rule 106: "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause #19-09-84977-A              24th Judicial District Court

TRACY JORDAN AND TIMOTHY JORDAN VS. STATE FARM LLOYDS, ET AL

**Address for service: STATE FARM LLOYDS, MAY BE SERVED BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY, 211 E. 7TH ST., STE. 620, AUSTIN, TX 78701-3218**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 2019 at _____ o'clock _____.M. and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|------|------|------|--------------------------------------------|
|      |      |      |                                            |

And not executed as to the defendant(s) _____

the diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

can the information received as to the whereabouts of said defendant(s) being: _____

FEES - - Serving $ _____        _____, Sheriff

                                         _____ County, Texas

                           By: _____ Deputy

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT</u>

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____ (First, Middle, Last), my date of birth is _____, and my address is _____ (Street, City, Zip).

I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 2019.

                                 _____

                                 Declarant/Authorized Process Server

                                 _____

                                 (ID # and Expiration of certification)

CLERK OF THE COURT
Cathy Stuart
115 N. Bridge, Room 330
Victoria, Texas 77901

ATTORNEY REQUESTING ISSUANCE
Sean Hudson McCarthy
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017

# THE STATE OF TEXAS
## CITATION

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:  STATE FARM LLOYDS, MAY BE SERVED BY SERVING ITS REGISTERED AGENT,**
**       CORPORATION SERVICE COMPANY, 211 E. 7TH ST., STE. 620, AUSTIN, TX 78701-3218,**

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 24th Judicial District Court of Victoria County, Texas, at the Courthouse of said County in Victoria, Texas.

Said Plaintiff's petition was filed in said Court, on the 12th day of September, 2019 in this case numbered **19-09-84977-A** on the docket of said court, and styled,

TRACY JORDAN AND TIMOTHY JORDAN
VS.
STATE FARM LLOYDS, ET AL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Victoria, Texas, this the 13th day of September, 2019.

CATHY STUART
District Clerk
Victoria County, Texas

Signed: 9/13/2019 8:10:15 AM

By: _Crystal Hanand_
                    Deputy

Rule 106:  "--the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause #19-09-84977-A                                        24th Judicial District Court
TRACY JORDAN AND TIMOTHY JORDAN VS. STATE FARM LLOYDS, ET AL
**Address for service:  STATE FARM LLOYDS, MAY BE SERVED BY SERVING ITS REGISTERED
AGENT, CORPORATION SERVICE COMPANY, 211 E. 7TH ST., STE. 620, AUSTIN, TX 78701-3218**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 2019 at _____ o'clock _____ .M. and
executed in _____ County, Texas by delivering to each of the within named defendants in
person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying
copy of the petitioner's petition, the following times and places, to wit:

| Name | Date | Time | Place, Course and Distance from Courthouse |
|------|------|------|--------------------------------------------|
|      |      |      |                                            |

And not executed as to the defendant(s) _____

the diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

can the information received as to the whereabouts of said defendant(s) being: _____

FEES - - Serving $ _____                                      _____, Sheriff

_____ County, Texas

By:  _____ Deputy

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT</u>

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return. The signature is not required to be verified.  If the return is signed by a person other than a
sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the
following statement:

"My name is _____ (First, Middle, Last), my date of birth is _____, and

my address is _____ (Street, City, Zip).

I DECLARE UNDER PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of

_____, 2019.

_____
Declarant/Authorized Process Server

_____
(ID # and Expiration of certification)

Filed 9/12/2019 3:45 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

CAUSE NO. **19-09-84977-A** _____

| | | |
|---|---|---|
| TIMOTHY & TRACY JORDAN | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | VICTORIA COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS and OMBILA | § | |
| IGAT ISSAMENE | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## <u>PLAINTIFFS' ORIGINAL PETITION</u>

COME NOW, Plaintiffs, TIMOTHY & TRACY JORDAN, and file this, Plaintiffs' Original

Petition against Defendants, **STATE FARM LLOYDS and OMBILA IGAT ISSAMENE**, and,

for cause of action, would respectfully show this Honorable Court the following:

## I. <u>DISCOVERY CONTROL PLAN</u>

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the

TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute

concerning damages attributable to Hurricane Harvey. This dispute involves complex legal issues

originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will

include   intricate   discovery   regarding   claims-handling   practices,   coverage   decisions,

adjustment/payment of claims, including Plaintiffs' claim, as well as and the systematic approach by

State Farm Lloyds and its adjusters to the handling of catastrophic loss property damage claims

arising from Hurricane Harvey. Plaintiffs, therefore, respectfully ask the Court to order that

discovery be conditioned in accordance with a discovery control plan tailored to the particular

circumstances of this suit.

## II.  PARTIES

2.      Plaintiffs, Timothy and Tracy Jordan, are Texas residents who reside in Victoria County, Texas.

3.      Defendant, State Farm Lloyds ("State Farm"), is a Domestic insurance company domiciled and authorized to engage in the business of insurance in the State of Texas.  State Farm may be served with process by serving its registered agent at:  **Corporation Service Company, 211 E. 7th St. Ste. 620, Austin, TX 78701-3218.**

4.      Defendant, Ombila Igat Issamene, is an individual licensed adjuster who at all times material to the allegations in this Petition, has done business in the State of Texas. Mr. Issamene may be served with process at his principle place of business located at: **160 E Vista Ridge Mall Drive, Apt. 1126, Lewisville, TX 75607-3726, or wherever else he may be found.**

## III.  JURISDICTION & VENUE

5.      This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs state they seek only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.      This Court has personal jurisdiction over State Farm because State Farm is a Domestic insurance company licensed to do business in Texas and Plaintiffs' causes of action arise out of State Farm's business activities in this State.

7.      This Court has personal jurisdiction over Ombila Igat Issamene because Mr. Issamene engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of his business activities in this State.

8.      Venue is proper in Victoria County because the insured property is located in Victoria County and all or a substantial part of the events giving rise to this lawsuit occurred in Victoria County.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.  FACTS

9.      Plaintiffs own and the residential property at 609 Chimney Rock Drive in Victoria, Victoria County, Texas (the "Property"). State Farm sold, and Plaintiffs paid for, a Texas homeowners' insurance policy (the "Policy") to protect and insure Plaintiffs' dwelling, other structures, personal property, and other items applicable to the Property.

10.      From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation due to extreme winds up to 130 miles an hour in Victoria County and surrounding areas. Beginning on or about August 26, 2017, Hurricane Harvey's massive wind field caused widespread destruction in and around Victoria County, and Plaintiffs' Property, specifically.

11.      Plaintiffs' Property suffered extensive wind and wind-related damage during Hurricane Harvey. Specifically, the Hurricane damaged the entire roof of the house, gutters and downspouts, exterior fascia board, and soffit. The home also sustained substantial interior water damage as a result of the wind damage to the roofing system.

12.      Following Hurricane Harvey, Plaintiffs promptly and timely reported their Property claim (the "Claim") with State Farm under the Policy and asked State Farm to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof, repairs to wind and debris damages to all exterior elevations, as well as repair of the significant interior water damage.

13.     Plaintiffs are entitled to these benefits under the State Farm Policy as it specifically covered Plaintiffs' dwelling for wind and wind-related damage, and specifically, hurricane damage. All of the damage to the Property was covered under the express terms of the Policy.

14.     State Farm assigned adjuster, Mr. Issamene, to perform the investigation and initial inspection of the Property on its behalf.

15.     Mr. Issamene, however, because of inadequate training or improper instruction, failed to perform a reasonable and adequate investigation of Plaintiffs' Claim. In doing so, Mr. Issamene either completely missed or simply ignored damages that were present at the time of his inspection and was clearly attributable to Hurricane Harvey's powerful winds.

16.     The inadequacy of Mr. Issamene's investigation and adjustment of Plaintiffs' Claim is evidenced by the fact he neither adjusted for, nor included, the full scope of Plaintiffs' roof damage and neglected even to address, or note, multiple rooms in the Property. Plaintiffs' roof sustained extensive wind damage to its entire surface and to the underlying structure/framing. Evidence of wind damage is readily apparent from even a casual view. The massive amount of roof damage allowed water to penetrate the Property's exterior in multiple locations and resulted directly in the substantial interior damage to Plaintiffs' home, which Mr. Issamene also failed to document properly or sufficiently.

17.     Although Plaintiffs notified and, later, reminded State Farm numerous times of the significant widespread roof damage which caused major leaks throughout the interior of the Property, Mr. Issamene failed to fully and adequately inspect the damaged areas of Plaintiffs' Property, including the roof, among other items and areas. Mr. Issamene' failure to record the full extent of the wind-damaged Property resulted in an improperly under-scoped and consequently undervalued estimate for repairs that Mr. Issamene submitted to State Farm (the "Estimate").

18.     State Farm re-inspected the Property on December 11, 2018. Following its re-inspection, State Farm issued a letter to Plaintiffs on December 19, 2018, to reaffirm Mr. Issamene's Estimate, stating "[State Farm] found no additional wind damage to the roof, interior, or exterior of [Plaintiffs'] home."

19.     As an illustration—and certainly not intended as a complete listing of all of the errors and omissions in Mr. Issamene' investigation and adjustment—the following are just some of the unfair and unreasonable low points from Mr. Issamene's "inspection" and Estimate:

    i.    Mr. Issamene's Estimate greatly under-scoped the amount necessary to repair the roof to its pre-loss condition by estimating a minimal amount of total roof damage (less than $20.00) that ignores costs to remove and replace numerous damaged tiles, sheathing, skylight flashing, ridge caps, and roof vents

    ii.    Mr. Issamene's Estimate fails to provide any amount to repair visible water damage to the ceiling of the dining room.

    iii.    Mr. Issamene's Estimate fails to provide any amounts to repair visible water damage to the walls and ceiling of the living room.

    iv.    Mr. Issamene's Estimate fails to provide any amounts to repair visible water damage to the ceilings of three separate bedrooms.

20.     Plaintiffs contend that, upon information and belief, State Farm and Mr. Issamene set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiffs' Claim for covered damages. At minimum, State Farm ratified Mr. Issamene's unreasonable and improper "adjustment" of the Claim, resulting in Plaintiffs' Claim effectively being denied in part as well as undervalued and underpaid. Plaintiffs have suffered actual damages resulting from State Farm's and Mr. Issamene's wrongful acts and omissions as set forth above and further described herein.

## V.  CAUSES OF ACTION

### Breach of Contract against State Farm

21.     An insurance policy is considered a contract under Texas law. State Farm failed to perform its contractual duties to adequately compensate Plaintiffs in accordance the terms of the Policy that it wrote and sold to Plaintiffs. Specifically, State Farm refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover

the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiffs.

### Non-Compliance by State Farm with the Texas Insurance Code, Unfair Settlement Practices

22.     State Farm's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

23.     Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. State Farm's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating—by way of Mr. Issamene's estimate— that Plaintiffs' damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiffs' damages; (3) using Mr. Issamene's own statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiffs in fact received.

24.     State Farm's unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

25.     State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

26.     State Farm failed to explain to Plaintiffs the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim.   Furthermore, State Farm did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiffs' loss, nor did it provide any explanation for the failure to adequately settle Plaintiffs' Claim.   State Farm's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a)(3).

27.     Although promptly reported by Plaintiffs to State Farm, State Farm did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, both exterior and interior. State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### Non-Compliance by State Farm with the Texas Insurance Code, Prompt Payment of Claims Act

28.     State Farm's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

29.     State Farm's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

30.     State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the

drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

31.     State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, despite the fact that at the very same time, State Farm knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of State Farm's duty of good faith and fair dealing to Plaintiffs, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

### Non-Compliance by Mr. Issamene with the Texas Insurance Code, Unfair Settlement Practices

32.     Mr. Issamene's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.     Mr. Issamene is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the TEXAS INSURANCE CODE and subjecting him or her to individual liability)).

34.     Mr. Issamene's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.     Mr. Issamene's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.     The unfair settlement practice of Mr. Issamene, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, constitutse an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.     Mr. Issamene' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.     Mr. Issamene's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### FRAUD

39.     Defendants are liable to Plaintiffs for common law fraud.

40.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and

which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

41.    The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

42.    Defendants are liable to Plaintiffs for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### VI.   CONDITIONS PRECEDENT

43.    All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Defendants waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

### VII.   DAMAGES

44.    Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

45.    As previously mentioned, Plaintiffs' covered losses have not been properly addressed or paid, which has prevented Plaintiffs from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiffs. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the terms of the Policy at issue and of the laws set forth above. As per Plaintiffs' July 10, 2018, Statutory Notice Letter, said damages totaled $33,491.09.

46.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

47.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees.

48.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiffs are entitled to interest on the amount of the Claim as damages at the rate determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

49.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from State Farm's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

50.     For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## VIII.  JURY DEMAND

51.     Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Victoria County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## IX.  DISCOVERY REQUESTS TO ALL DEFENDANTS

### Request for Disclosure

52.     Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### Request for Production

53.     Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby requested to produce, within 50 days of service of this petition and incorporated request, the documents and tangible items in the list attached hereto as "Exhibit A."

### Interrogatories

54.     Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby requested to answer, within 50 days of service of this petition and incorporated request, the interrogatories attached hereto as "Exhibit A."

### Request for Admissions

55.     Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby requested to admit or deny, in writing, within 50 days of service of this petition and incorporated request, the propositions of fact and/or law attached hereto as "Exhibit A."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law,

and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

WILLIAMS HART BOUNDAS EASTERBY LLP

By: /s/ Sean H. McCarthy
    Sean H. McCarthy
    State Bar No. 24065706
    P. Griffin Bunnell
    State Bar No. 24080815
    8441 Gulf Freeway, Ste 600
    Houston, TX 77017
    Telephone: 713-230-2200
    Fax: 713-643-6226
    Email: smccarthy@whlaw.com
    Email: gbunnell@whlaw.com

AND

THE COOK LAW FIRM, PLLC
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

ATTORNEYS FOR PLAINTIFFS

CAUSE NO. _____

| | | |
|---|---|---|
| TIMOTHY & TRACY JORDAN | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | VICTORIA COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS and OMBILA | § | |
| IGAT ISSAMENE | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiffs in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through their attorney of record, Sean H. McCarthy, Williams Hart Boundas Easterby, LLP, 8441 Gulf Freeway, Suite 600, Houston, Texas 77017; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Williams Hart Boundas Easterby, LLP. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

# EXHIBIT "A"

a.      You know the response made was incorrect or incomplete when made; or

b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.      These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.      If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.      The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D.      The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E.      "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F.      If you claim that any document which is required to be identified or produced by you in any response is privileged:

1.     Identify the document's title and general subject matter;
2.     State its date;
3.     Identify all persons who participated in its preparation;
4.     Identify the persons for whom it was prepared or to whom it was sent;
5.     State the nature of the privilege claimed; and
6.     State in detail each and every fact upon which you base your claim for privilege.

G.     "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H.     "Property" means the property defined in the Petition.

I.     "Policy" means the insurance policy identified in the Petition.

J.     The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K.     In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1.     His or her name;
2.     His or her last known business and residence address and telephone number; and
3.     His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L.     In each instance where you are asked to identify a document, state with respect to each document:

1.     The type of document;
2.     The general subject matter of the document;
3.     The date of the document;
4.     The names and addresses of the authors and recipients of the document;
5.     The location of the document;
6.     The identity of the person who has possession or control of the document;
7.     Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M.     If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

N.   "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY LLP**
By: */s/ Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    P. Griffin Bunnell
    State Bar No. 24080815
    8441 Gulf Freeway, Ste 600
    Houston, TX 77017
    Telephone: 713-230-2200
    Fax: 713-643-6226
    Email: smccarthy@whlaw.com
    Email: gbunnell@whlaw.com

**AND**

**THE COOK LAW FIRM, PLLC**
    Andrew C. Cook
    State Bar No. 24057481
    7324 Southwest Freeway, Suite 585
    Houston, Texas  77074
    Tel. (713) 401-2890
    Facsimile: (713) 643-6226
    Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

*/s/ Sean H. McCarthy*
Sean H. McCarthy

## INTERROGATORIES TO DEFENDANT

1.      Identify all persons and/or entities who had any part and/or involvement in any way on behalf of Defendant with the insurance claim described in the Petition and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

        **ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.   The following insurance documents issued for the Property as identified in the Petition:

    a.   the Policy at issue for the date of loss as identified in the Petition; and
    b.   the Policy declarations page for the 3 years preceding the storm.

**RESPONSE:**

2.   The entire, unaltered, un-redacted, original and complete claims file relating the Plaintiffs' claim that made the basis of the lawsuit.  Please produce ESI in the same format in which it was maintained in the ordinary course of business.  This request encompasses all documents and ESI comprising the entire claim file that is in Defendants' possession, custody, and/or control.  **Please note this request seeks production of the original claim file.**

**RESPONSE:**

3.   Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue.  This request is limited to the past 5 years.  To the extent Defendant contends that any damage is older than 5 years, produce that underwriting file or document Defendant generated prior to the origination of the damage.

**RESPONSE:**

4.   All documents relating to the condition of the Property or damages of the Property.

**RESPONSE:**

5.   All documents relating to the condition of the Property prior to the August 26, 2017 date of loss, including but not limited to any prior underwriting or renewal inspections.

**RESPONSE:**

6.   All documents evidencing the policies, procedures, guidelines, or best practices that defendant requires its employees, agents, or contractors to follow when adjusting the type of claim here, i.e., wind and hail property damage.

    **RESPONSE:**

7.   For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, review by, or prepared for the testifying expert.

**RESPONSE:**

8.   Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

9.     To the extent Defendant answers to the Plaintiffs' First Interrogatories implicate Tex. R. Civ. P. 197.2(c) (Option to Produce Business Records), please produce any and all documents referenced, specified, and/or identified in those interrogatory responses. Please produce ESI in the same format in which it was maintained in the ordinary course of business.

**RESPONSE:**

## FIRST SET OF REQUESTS FOR ADMISSIONS

1.      Admit Plaintiffs submitted the claim for storm damage identified in the Petition within the deadlines proscribed by the Policy.

**RESPONSE:**

2.      Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

**RESPONSE:**

3.      Admit that Defendant should assist its policyholders with their insurance claims.

**RESPONSE:**

4.      Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

**RESPONSE:**

5.      that Defendant should treat its policyholders interests equal to their own.

**RESPONSE:**

6.      Admit that Defendant performed an inspection of the Property before issuing the Policy.

**RESPONSE:**

7.      Admit that Defendant performed an inspection of the Property within 60 days of issuing the Policy.

**RESPONSE:**

8.      Admit that Defendant did not inspect the Property prior to issuing the Policy.

**RESPONSE:**

9.      Admit that Defendant did not inspect the Property within 60 days of issuing the Policy.

**RESPONSE:**

10.     Admit that Defendant did not inspect the Property prior to renewing the Policy for policy period covering the August 26, 2017 claim.

**RESPONSE:**

11.     Admit that Defendant did not inspect the Property within 60 days of renewing the Policy for policy period covering the August 26, 2017 claim.

**RESPONSE:**

12.     Admit that Defendant did inspect the Property prior to August 26, 2017.

**RESPONSE:**

13.     Admit that Defendant did not inspect the Property prior to August 26, 2017.

**RESPONSE:**

Filed 10/14/2019 2:26 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Crystal Hernandez

CAUSE NO. 19-09-84977-A

| | | |
|---|---|---|
| TIMOTHY & TRACY JORDAN | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | VICTORIA COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND OMBILA | § | |
| IGAT ISSAMENE | § | 24TH JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS ORIGINAL ANSWER

NOW COMES Defendant **State Farm Lloyds** and files its Original Answer, and would respectfully show as follows:

### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies the allegations contained in the Original Petition, and any amendments and supplements thereto, and demands strict proof by a preponderance of the evidence as required by Texas law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **State Farm Lloyds** respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700

San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant **State Farm Lloyds'** Original Answer was served by facsimile and/or electronic service on the **10**[th] day of **October  2019**, upon the following counsel of record:

Sean H. McCarthy
P. Griffin Bunnell
WILLIAMS HART BOUNDAS EASTERBY LLP
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017
smccarthy@whlaw.com
gbunnell@whlaw.com

Carrie D. Holloway

# Exhibit  B

**IN THE UNITES STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **TIMOTHY & TRACY JORDAN** | § | |
|     **Plaintiff** | § | |
| **v.** | § | **Civil Action No.: _____** |
| | § | |
| **STATE FARM LLOYDS AND OMBILA** | § | |
| **IGAT ISSAMENE** | § | |
|     **Defendant** | | |

---

**LIST OF ALL COUNSEL OF RECORD**

---

<u>Party</u>                                                    <u>Attorney(s)</u>

Timothy & Tracy Jordan                       Sean H. McCarthy
                                                              State Bar No. 24065706
                                                              P. Griffin Bunnell
                                                              State Bar No. 24080815
                                                              WILLIAMS HART BOUNDAS EASTERBY LLP
                                                              8441 Gulf Freeway, Suite 600
                                                              Houston, Texas 77017
                                                              (713) 230-2200 (telephone)
                                                              (713) 643-6226 (facsimile)
                                                              smccarthy@whlaw.com
                                                              gbunnell@whlaw.com

                                                              Co-Counsel:
                                                              Andrew C. Cook
                                                              State Bar No. 24057481
                                                              THE COOK LAW FIRM, PLLC
                                                              7324 Southwest Freeway, Suite 585
                                                              Houston, Texas 77074
                                                              Tel: 713-401-2890
                                                              Fax: 713-643-6226
                                                              acc@texinsurancelaw.com

State Farm Lloyds                               David R. Stephens
Ombila Igat Issamene                        State Bar No. 19146100
                                                              Carrie D. Holloway
                                                              State Bar No. 24028270
                                                              LINDOW ▪ STEPHENS ▪ TREAT LLP

One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

Exhibit  C

CAUSE NO. 19-09-84977-A

| | | |
|---|---|---|
| TIMOTHY & TRACY JORDAN | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | VICTORIA COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS AND OMBILA | § | |
| IGAT ISSAMENE | § | 24TH JUDICIAL DISTRICT |

## DECLARATION OF OMBILA IGAT ISSAMENE

1.      "My name is Ombila Igat Issamene. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this Declaration.

2.      I am a licensed Texas adjuster.  On or about August 26, 2017, I was assigned to State Farm Lloyds as an independent adjuster to assist in the handling of insurance claims arising out of Hurricane Harvey.  At that time, I was living and working in Atlanta, Georgia. I have never been to Victoria County, Texas. At no time did I attend inspections of insured property that was the subject of insurance claims arising out of Hurricane Harvey. In addition, while assisting State Farm Lloyds with Hurricane Harvey claims, I did not prepare any estimates for repair of insured property.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 18, 2019**.

_____
OMBILA IGAT ISSAMENE

1